# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL B. MOSELY, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 4:17-CV-17 ERW |
| DR. UNKNOWN FATOKI, et al., | ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM AND ORDER

Plaintiff, a prisoner, seeks leave to proceed in forma pauperis in this civil action under 42 U.S.C. § 1983. Having reviewed plaintiff's financial information, the Court assesses a partial initial filing fee of $42, which is twenty percent of his average monthly deposit. *See* 28 U.S.C. § 1915(b).

## Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

**Discussion**

Plaintiff alleges he has severe dental problems that the medical defendants have refused to treat. He alleges Sheriff Gary Stolzer denied his grievances and failed to investigate the issue.

The Court finds that process should be issued on defendants Dr. Unknown Fatoki, L. Miller, and Barbara Odem. The Court cannot issue process on defendant Melissa Unknown at this time, because it must have her last name to effectuate service. However, the Court will not dismiss defendant Melissa Unknown at this time. Plaintiff may attempt to learn her last name if and when the Court authorizes discovery.

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); *Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995) ("a general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability."); *George v. Smith*, 507 F. 3d 605, 609 (7th Cir. 2007) ("Only persons who cause or participate in the [constitutional] violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation."). Plaintiff has not alleged defendant

Stolzer's direct involvement in the denial of his medical care. As a result, the Court will dismiss Stolzer without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff must pay an initial filing fee of $42 within twenty-one (21) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.[1]

**IT IS FURTHER ORDERED** that the Clerk is directed to issue process on defendants Dr. Unknown Fatoki, L. Miller, and Barbara Odem.

**IT IS FURTHER ORDERED** that the Court will hold this action in abeyance with regard to defendant Melissa Unknown.

**IT IS FURTHER ORDERED** that defendant Gary Stolzer is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's motion to supplement [ECF No. 4] is **GRANTED**. The Clerk is directed to change defendant Dr. Unknown Katoka's name to Dr. Unknown Fatoki.

---

[1] Prisoners must pay the full amount of the $350 filing fee. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner will deduct the payments and forward them to the Court each time the amount in the account exceeds $10. 28 U.S.C. § 1915(b)(2).

3

An Order of Partial dismissal will be filed separately.

So Ordered this 27th day of January, 2017.

_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE