# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| MICHAEL B. MOSLEY, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:17CV00017 ERW |
| DR. UNKNOWN FATOKI, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant Dr. Fatoki's Motion to Dismiss [ECF No. 19].

## I. BACKGROUND

Plaintiff Michael B. Mosley ("Plaintiff") initiated this lawsuit by filing a complaint in this Court on January 5, 2017, against Defendants Dr. Fatoki, Deputy Lisa Miller, Melissa Unknown, and Barbara Odem ("Defendants"). Plaintiff alleged Defendants failed to provide proper medical care causing cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution. Dr. Fatoki filed the pending Motion to Dismiss asserting Plaintiff failed to state a claim upon which relief can be granted. For purposes of this motion to dismiss, the Court accepts as true the following facts alleged in Plaintiff's Complaint. *Great Rivers Habitat Alliance v. Fed. Emergency Mgmt. Agency*, 615 F.3d 958, 988 (8th Cir. 2010).

Plaintiff is an inmate at Ste. Genevieve County Jail ("the jail") and has been since September 29, 2016. Plaintiff notified staff at the jail he has medical issues resulting in unbearable pain. He was prescribed antibiotics and IP[1] for the first two weeks, ending on

---

[1] Plaintiff refers to IP in his complaint but does not describe what this is.

October 13th. The pain continued. On October 14th, Plaintiff filed an MRS[2] to see the doctor for medical attention. On October 21st, Plaintiff saw a doctor[3] and was prescribed antibiotics and IP for an additional five days. Plaintiff also signed a medical records release form. Due to the ongoing severe pain, Plaintiff filed another MRS to see a doctor again. On October 28th, a doctor told Plaintiff he needed oral surgery but would have to wait until he was released from jail. It was also determined Plaintiff had a broken tooth that had become infected and was causing lacerations in his mouth. Plaintiff also had a fractured wisdom tooth needing to be removed. Dr. Fatoki told Plaintiff he would refer him to a dentist.

After failing to be called to see a dentist, Plaintiff filed an MRS for dental care. Plaintiff saw the dentist on November 10, 2016, who told him he needed oral surgery and could not provide treatment. The dentist stated he would provide Plaintiff with antibiotics due to the infection. On November 15th, Plaintiff filed a grievance asking for immediate medical attention and medication. On November 19th, Plaintiff filed a second grievance stating he was in unbearable pain, could not eat or sleep, and needed medical treatment. On November 22nd, Plaintiff was prescribed IP, antibiotics and an oral rinse lasting five days.

Sheriff Gary Stolzer responded to Plaintiff's grievances on November 23rd, stating Plaintiff needed to wait longer for authorization from the United States Marshals to see an oral surgeon and medical records had not yet been obtained. On December 14th, Plaintiff saw an oral surgeon.

Plaintiff alleges Dr. Katoki failed to provide proper medical care because it was clear and evident there was a metal plate exposed in Plaintiff's mouth, two broken teeth, clear swelling, and obvious pain.

---

[2] Plaintiff does not further describe MRS stands in his complaint.
[3] It is unclear if Plaintiff refers to Dr. Fatoki or another doctor.

**II. STANDARD**

Under Federal Rule of Civil Procedure ("FRCP") 12(b)(6), a party may move to dismiss a claim for "failure to state a claim upon which relief can be granted." The notice pleading standard of FRCP 8(a)(2) requires a plaintiff to give "a short and plain statement showing that the pleader is entitled to relief." To meet this standard and to survive a FRCP 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citation omitted). This requirement of facial plausibility means the factual content of a plaintiff's allegations must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Cole v. Homier Distrib. Co.*, 599 F.3d 856, 861 (8th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678). Courts must assess the plausibility of a given claim with reference to a plaintiff's allegations as a whole, not in terms of the plausibility of each individual allegation. *Zoltek Corp. v. Structural Polymer Group*, 592 F.3d 893, 896 n.4 (8th Cir. 2010) (internal citation omitted). This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. The Court must grant all reasonable inferences in favor of the nonmoving party. *Lustgraaf v. Behrens*, 619 F.3d 867, 872-73 (8th Cir. 2010).

**III. DISCUSSION**

Defendant Dr. Fatoki asserts Plaintiff's claims against him should be dismissed for failure to state a claim. According to Dr. Fatoki, Plaintiff was receiving treatment, just not the treatment he desired, and this cannot be the basis for a claim for deliberate indifference.

An official's deliberate indifference to an inmate's serious medical needs constitutes cruel and unusual punishment in violation of the Eighth Amendment of the United States

Constitution. *Popoalii v. Correctional Med. Servs.*, 512 F.3d 488, 499 (8th Cir. 2008). When an inmate is a pretrial detainee at the time of the alleged violation, the claim is analyzed under the Fourteen Amendment's due process clause rather than the Eighth Amendment. *Kayle v. Leonard*, 477 F.3d 544, 550 (8th Cir. 2007). Pretrial detainees are entitled to the same protections under the Fourteenth Amendment as inmates receive under the Eighth Amendment. *Id*. Although Plaintiff has improperly alleged his claims under the Eighth Amendment because he is a pretrial detainee, not a prison inmate, the Court will liberally construe his complaint to allege violations of the Fourteenth Amendment. *Whitson v. Stone County Jail*, 602 F.3d 920, 922 n.1 (8th Cir. 2010).

A prima facie case for deliberate indifference requires the inmate to show he suffered an objectively serious medical need, and the officials knew of the need but deliberately disregarded it. *Popoalii*, 512 F.3d at 499. A serious medical need is one diagnosed by a physician as requiring treatment, or one so obvious even a layperson could recognize a doctor's attention is needed. *Schaub v. VonWald*, 638 F.3d 905, 914 (8th Cir. 2011).

Here, Plaintiff has sufficiently alleged an objectively serious medical need. He states he had broken teeth and a metal plate which was exposed through his gums. He alleged these injuries could clearly be seen. It is obvious this requires medical attention. Plaintiff has also sufficiently alleged Dr. Fatoki deliberately disregarded his medical need. Plaintiff alleges Dr. Fatoki told him he needed oral surgery due to a broken tooth and an infection, and he would refer Plaintiff to a dentist, but he did not do so. Under liberal pleading standards, these are sufficient allegations to establish a claim for deliberate indifference of a serious medical need due to a delay in providing dental care. *See Fields v. Gander*, 734 F.2d 1313, 1315 (8th Cir. 1984) (holding refusal to provide dental care for up to three weeks can support a violation); *Boyd v.*

*Knox*, 47 F.3d 966, 969 (8th Cir. 1995) (finding a three-week delay in dental care can support a violation, even when inmate has previously been given pain killers and antibiotics). Therefore, the Court will deny Dr. Fatoki's Motion to Dismiss.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Dr. Fatoki's Motion to Dismiss [ECF No. 19] is **DENIED**.

Dated this 9th Day of May, 2017.

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE