# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL B. MOSLEY, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 4:17CV00017 ERW |
| DR. UNKNOWN FATOKI, et al., | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant Dr. Fatoki's Motion for Summary Judgment [67], and Barb Odem, Lisa Miller, and Melissa Plunkett's Motion for Summary Judgment [69].

## I. BACKGROUND

Plaintiff Michael B. Mosley ("Plaintiff") initiated this lawsuit by filing a complaint in this Court on January 5, 2017, against Defendants Dr. Fatoki, Deputy Lisa Miller, Melissa Plunkett, and Barbara Odem ("Defendants"). Plaintiff alleged Defendants failed to provide proper medical care causing cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution. On May 9, 2017, this Court denied Dr. Fatoki's Motion to Dismiss asserting Plaintiff failed to state a claim upon which relief can be granted.

*A. Undisputed Facts*

Plaintiff is an inmate at Ste. Genevieve County Jail ("the jail") and has been since September 29, 2016. Plaintiff notified staff at the jail he had medical issues resulting in unbearable pain. He was prescribed antibiotics and Motrin for the first two weeks, ending on October 13, 2016. The pain continued. On October 14, 2016, Plaintiff saw Dr. Fatoki for a

1

physical, who noted there was a metal plate exposed in Plaintiff's jaw, but there was no evidence of an infection; he ordered Plaintiff's ibuprofen prescription be continued. On October 19, 2016, Plaintiff submitted a healthcare request seeking to see a doctor because the medication was not working. Plaintiff was seen by Defendant Barbra Odem, LPN, the next day. On October 28, 2016, Plaintiff was seen by Dr. Fatoki and he noted Plaintiff was stable and not in distress. Further, Dr. Fatoki told Plaintiff he needed oral surgery. It was also determined Plaintiff had a broken tooth that had become infected and was causing lacerations in his mouth. Plaintiff also had a fractured wisdom tooth needing to be removed. Dr. Fatoki told Plaintiff he would refer him to a dentist.

After failing to be called to see a dentist, Plaintiff filed a request for dental care. Plaintiff saw the dentist on November 10, 2016, who told him he needed oral surgery and could not provide the treatment. The dentist stated he would provide Plaintiff with antibiotics due to the infection. On November 15, 2016, Plaintiff filed a grievance asking for immediate medical attention and medication. On November 19, 2016, Plaintiff filed a second grievance stating he was in unbearable pain, could not eat or sleep, and needed medical treatment. On November 22, 2016, Plaintiff was told to continue his medication and an oral rinse lasting five days.

Sheriff Gary Stolzer responded to Plaintiff's grievances on November 23, 2016, stating Plaintiff needed to wait longer for authorization from the United States Marshals to see an oral surgeon and medical records had not yet been obtained. On December 14, 2016, Plaintiff saw an oral surgeon, but refused to allow the surgeon to remove the metal plate, because he wanted his own oral surgeon to perform the surgery. On December 28, 2016, Nurse Odem requested Plaintiff be seen by the oral surgeon to remove the metal plate. On January 11, 2017, Plaintiff was taken to the oral surgeon and the metal plate was removed.

Plaintiff alleges Defendants failed to provide proper medical care, because it was clear and evident there was a metal plate exposed in Plaintiff's mouth, two broken teeth, clear swelling, and obvious pain.

## II. STANDARD

Pursuant to Federal Rule of Civil Procedure 56(c), a court may grant a motion for summary judgment only if all of the information before the court shows "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "By its very terms, [Rule 56(c)(1)] provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). Material facts are those "that might affect the outcome of the suit under the governing law," and a genuine material fact is one "such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. Further, if the non-moving party has failed to "make a showing sufficient to establish the existence of an element essential to that party's case, ... there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322-23.

The initial burden of proof in a motion for summary judgment is placed on the moving party to establish "the non-existence of any genuine issue of fact that is material to a judgment in his favor." *City of Mt. Pleasant, Iowa v. Associated Elec. Co-op., Inc.,* 838 F.2d 268, 273 (8th Cir.1988). Once this burden is discharged, if the record does in fact bear out that no genuine dispute exists, the burden then shifts to the non-moving party who must set forth affirmative

evidence and specific facts showing there is a genuine dispute on that issue. *Anderson*, 477 U.S. at 250; Fed.R.Civ.P. 56(e)(2). When the burden shifts, the non-moving party may not rest on the allegations in its pleadings, but by affidavit and other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed.R.Civ.P. 56(e); *Stone Motor Co. v. Gen. Motors Corp.*, 293 F.3d 456, 465 (8th Cir.2002). To meet its burden, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In fact, the non-moving party must show there is sufficient evidence favoring the non-moving party which would enable a jury to return a verdict for it. Anderson, 477 U.S. at 249; Celotex, 477 U.S. at 334. "If the non-moving party fails to produce such evidence, summary judgment is proper." *Olson v. Pennzoil Co.*, 943 F.2d 881, 883 (8th Cir.1991).

The Court may not "weigh the evidence in the summary judgment record, decide credibility questions, or determine the truth of any factual issue." *Kampouris v. St. Louis Symphony Soc.*, 210 F.3d 845, 847 (8th Cir.2000). The Court instead "perform[s] only a gatekeeper function of determining whether there is evidence in the summary judgment record generating a genuine issue of material fact for trial on each essential element of a claim." *Id.*

## III. DISCUSSION

"In a § 1983 action, state actors may be entitled to qualified immunity." *Riehm v. Engelking*, 538 F.3d 952, 962 (8th Cir. 2008). "Qualified immunity protects all but the plainly incompetent or those who knowingly violate the law." *Id.* (citing *Malley v. Briggs*, 475 U.S. 335, 341(1986)). "To overcome the defense of qualified immunity, a plaintiff must show: (1) the facts, viewed in the light most favorable to the plaintiff, demonstrate the deprivation of a constitutional or statutory right; and (2) the right was clearly established at the time of the deprivation." *Howard*

*v. Kansas City Police Dep't.*, 570 F.3d 984, 988 (8th Cir. 2009). The Supreme Court has noted "[t]here must be a "particularized" showing that "a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)

The United States Supreme Court held to show an Eighth Amendment violation, a prisoner must show more than medical negligence; he or she must show the prison employee's conduct constituted "deliberate indifference to serious medical needs." *Estelle*, 429 U.S. at 104. Therefore, this Court will examine whether Defendants were deliberately indifferent to Plaintiff's alleged serious medical needs.

A. *Deliberate Indifference*

Defendants argue they did not act with deliberate indifference, because they adequately responded to Plaintiff's dental pain symptoms. Defendants contend a variety of nurses and doctors examined Plaintiff on several occasions. Defendants further assert Dr. Fatoki did not subjectively observe a serious medical need, because there was no sign of infection, nor was Plaintiff in distress. Moreover, Defendants contend the choices regarding treatment were a matter of medical judgment. Defendants also dispute Plaintiff's pain symptoms progressed as a consequence of Dr. Fatoki's treatment. Lastly, Defendants argue Plaintiff interfered with attempted treatment, because he refused the initial oral surgery and to take pain medication. Thus, Defendants contest both that there is a genuine issue of material fact as to (1) their deliberate indifference, and (2) a causal connection between the purported constitutional violation and plaintiff's injuries.

This Court will "take as true those facts asserted by plaintiff that are properly supported in the record." *Tlamka v. Serrell*, 244 F.3d 628, 632 (8th Cir. 2001); *see Pool v. Sebastian Cty., Ark.*, 418 F.3d 934, 944 (8th Cir. 2005).With medical records indicating treatment was provided

along with physician affidavits indicating the care provided was adequate, a question of fact is not created by merely stating the inmate did not feel he received adequate treatment. *Dulany*, 132 F.3d at 1240. Here, medical records indicate after each health services request, Plaintiff was seen by a nurse or doctors, who then prescribed antibiotics, ibuprofen, or antiseptic mouthwash. Dr. Fatoki referred Plaintiff to Dr. Loida, who then submitted a referral to an oral surgeon. The record indicates Dr. Pliura attests the treatment provided was adequate and Dr. Fatoki provided appropriate treatment and referral for outside treatment.

Further, Plaintiff has not produced expert testimony or documentary evidence to support his claim the treatment provided by the medical or dental staff was constitutionally inadequate. See, e.g. *Meuir v. Greene Cty. Jail Employees*, 487 F.3d 1115, 1119 (8th Cir. 2007). Plaintiff only produced testimony regarding the adequacy of his dental care and the pain he experienced. Plaintiff, however, did not produce verifying medical evidence that establishes the detrimental effect of the delay. *Jackson v. Riebold*, 815 F.3d 1114, 1120 (8th Cir. 2016). The medical records support Defendants' assertion the medication provided was to control Plaintiff's pain. Plaintiff has not shown an intentional denial or delay in access to medical care. *Vaughn v. Lacey*, 49 F.3d 1344, 1346 (8th Cir. 1995), nor has he substantiated the allegation his condition worsened as a result of the Defendants' actions or inaction. The Court finds there is no material factual dispute with respect to Plaintiff's claim Defendants were deliberately indifferent to his dental ailments.

Plaintiff has not refuted Defendant's uncontroverted facts in Defendant's memorandum in support for summary judgment that the treatment he received at the jail was adequate from a constitutional perspective. The Court concludes in the absence of evidence to support the deprivation of a constitutional right, Defendants are entitled to qualified immunity. See *Grayson*

*v. Ross*, 454 F.3d 802, 809 (8th Cir. 2006). Therefore, Defendants' summary judgment motions will be granted and Plaintiff's claims will be dismissed with prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Dr. Fatoki's Motion for Summary Judgment [ECF No. 67] is **GRANTED**.

**IT IS FURTHER ORDERED** that Barb Odem, Lisa Miller, and Melissa Plunkett's Motion for Summary Judgment [ECF No. 69] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff Michael B. Mosley's claims are **DISMISSED**, with prejudice.

Dated this 14th day of May, 2018.

  
**E. RICHARD WEBBER**  
**SENIOR UNITED STATES DISTRICT JUDGE**